IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN D. WESSLING, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3375 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MICHAEL KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 12, the respondent's Motion for Summary Judgment. In his motion, the respondent contends that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Kevin D. Wessling, is untimely. However, the respondent has miscalculated the limitations period, and the § 2254 petition is not barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely. The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

However, 28 U.S.C. § 2244(d)(2) tolls the one-year statute of limitations while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).

In this case, the petitioner's direct appeals ended on February 12, 2003, when the Nebraska Supreme Court denied further review. As the petitioner points out, and the respondent overlooked, the judgment of conviction did not become final, for purposes of the AEDPA statute of limitations, until ninety days thereafter when the period expired in which the petitioner could have applied to the United States Supreme Court for a writ of certiorari. See Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001): "It is settled that 'the conclusion of direct review' includes the 90 days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." Therefore, the conviction

became final on May 13, 2003, and the statute of limitations began to run the next day, on May 14, 2003.

The AEDPA statute of limitations ran for 302 days from May 14, 2003 until the petitioner filed a postconviction action on March 11, 2004. The postconviction proceedings tolled the statute of limitations until the Nebraska Supreme Court denied further review on November 17, 2004. The statute resumed running on November 18, 2004 and continued for 21 days until the petitioner filed his § 2254 petition in this court on December 9, 2004. The petitioner filed his § 2254 petition after 323 days of the limitations period had elapsed, well before expiration of the 365-day limitations period.

In his brief, the respondent advances other arguments which extend beyond the sole issue raised in the Motion to Dismiss and which address the merits of some of the petitioner's claims. However, those arguments appear premature, as the respondent has not yet answered the § 2254 petition.

THEREFORE, IT IS ORDERED:

1. That filing no. 12, the respondent's Motion for Summary Judgment, is denied; and

2. That by July 29, 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004;

3. That by July 29, 2005, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

3

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed[1] with the court at the time the Designation of Relevant State Court Records is filed; and

5. That after the respondent files an Answer, Magistrate Judge F. A. Gossett will enter an Order to facilitate progression of this habeas corpus case.

DATED this 6th day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] The paper state court records may be delivered to the Clerk's Office in a box, rather than filed electronically, if a *sufficiently detailed* Designation of Relevant State Court Records is filed.