IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN D. WESSLING, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3375 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| MICHAEL KENNEY, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court for final briefing of this habeas corpus case initiated by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") by the petitioner, Kevin D. Wessling. The petitioner alleges violations of his constitutional rights in connection with his conviction and sentence in the District Court of Jefferson County, Nebraska, on or about March 13, 2002, after a jury trial on charges of theft of property valued at more than $1,500. In his § 2254 petition, the petitioner asserts the following claims:

**Claim No. 1:**   Ineffective assistance of trial counsel during plea negotiations.

**Claim No. 2:**   Ineffective assistance of trial counsel during sentencing

The respondent has filed an Answer acknowledging that the § 2254 petition is timely. The respondent also asserts no affirmative defense(s) to the petitioner's Claim No. 1, but he does disagree as to the merits of that claim.

As to the petitioner's Claim No. 2, the respondent alleges the affirmative defense of procedural default. However, the basis for that defense is less than clear. According to the respondent, although the petitioner raised and argued his Claim No. 2 to the Nebraska district and appellate courts in a postconviction proceeding, the petitioner "failed

to raise this claim at sentencing, therefore this claim is procedurally defaulted" (filing no. 19 at 4). The respondent does not explain how the petitioner could have interrupted his sentencing hearing to assert a claim of ineffective assistance of counsel to the district court about the attorney who was at that very moment representing him. Furthermore, according to the petitioner, the same attorney represented him on direct appeal, and therefore, could not have been expected to allege ineffective assistance of trial counsel at that time. Thus, the respondent will have to explain the alleged affirmative defense of procedural default if he intends to pursue that defense.

## Standard of Review on the Merits

Claims which have been considered on the merits by the Nebraska appellate courts are subject to federal habeas review under the deferential standard required by 28 U.S.C. § 2254(d). The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

28 U.S.C. § 2254(d) states:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court

decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'... A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

3

Therefore, as to the claim(s) in this case which were presented on the merits to the Nebraska appellate courts, the issue in this court is whether the Nebraska courts, in adjudicating the merits of each claim, (1) produced a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based its decision on an unreasonable factual determination in light of the evidence. On the other hand, applying the foregoing standard can be challenging if a summary affirmance resulted in no opinion by a state appellate court to which to defer.

IT IS THEREFORE ORDERED:

1.   That by May 31, 2006, each party shall file a brief on the issues discussed above and any other matters that party may wish to address;

2.   That by July 28, 2006, each party shall file a brief in response to the other party's brief; and

3.   That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court records and the briefs.

Dated this 12th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge